# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MANU, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>E. EL CAMINO REAL SOCIAL SECURITY LOCAL OFFICE, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 19-cv-00796-BAS-JLB<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Following this Court's order granting her motion to proceed *in forma pauperis* ("IFP") and dismissing the original complaint without prejudice, Plaintiff Barbara Manu has filed an amended complaint. (ECF No. 5.) This amended complaint is subject to a mandatory screening given Plaintiff's IFP status. *See* 28 U.S.C. §1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners."). Conducting this screening again, Plaintiff's Amended Complaint is subject to dismissal.

## DISCUSSION

Under §1915(e)(2), the court must dismiss a case if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief

against persons immune from suit. 28 U.S.C. §1915(e)(2)(B). The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). Under Rule 8, "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). A district court may dismiss a complaint for failure to comply with Rule 8 when the complaint fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996).

In her original single-sentence complaint, Plaintiff alleged an "unauthorized third party attached to my benefit and Jonathan Manu May 2019 checks sent to a third party financial institution." (ECF No. 1.) In her three-page Amended Complaint, Plaintiff alleges that she filed a "criminal complaint" on behalf of her 21-year old son Johnathan Manu and herself in which she claims that the Social Security Administration "has attached" a third-party financial institution, Citi Bank, to "our Social Security Benefit account" since October 2014 with "each money [] being credited to Citi Bank." (ECF No. 5 at 1–2.) Plaintiff contends that "all our checks" were sent to Citi Bank in March and April 2019. (*Id.*) A May 2019 check for her son was also allegedly sent to Citi Bank, but a new check was reissued. (*Id.* at 3.)

Even accepting these allegations as true, the Amended Complaint fails to satisfy Rule 8(a). Plaintiff fails to clearly identify what harm she has faced based on the conduct alleged and she fails to provide additional factual allegations regarding the alleged attachment and crediting of the benefit account. Critically, Plaintiff fails to identify what relief she seeks. The Amended Complaint otherwise fails to provide sufficient factual allegations which would establish that this Court has jurisdiction. Accordingly, the Court finds that the Amended Complaint is subject to dismissal.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DISMISSES** the Amended Complaint **WITHOUT PREJUDICE**. Plaintiff is provided with leave to file an amended complaint that corrects these deficiencies **no later than August 15, 2019**. This case will remain closed if Plaintiff fails to file an amended complaint or fails to correct the identified deficiencies in any amended complaint.

**IT IS SO ORDERED.**

**DATED: July 31, 2019**

Hon. Cynthia Bashant
United States District Judge